**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: ____________**

| | |
|---|---|
| Aaron Ebert, Brian Hupperts and Chris Combs, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Warners' Stellian Co., Inc.,<br><br>Defendant. | **CLASS ACTION COMPLAINT WITH JURY TRIAL DEMANDED** |

**PRELIMINARY STATEMENT**

1. This is a consumer class action based upon Defendant's violation of section 1681c(g) of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.,* (hereinafter "FCRA") and the Fair and Accurate Credit Transactions Act ("FACTA"). This section of the FCRA was designed to combat the rising tide of identity theft experienced throughout the nation in recent years. It requires companies that accept credit and debit cards to truncate the credit card and expiration date information that they print on sales receipts. Such a practice, if followed, reduces an identity thief's ability to obtain valuable account information relating to a consumer. Despite the simple steps necessary to comply, and despite abundant notice, Defendant has simply chosen to ignore complying with the FCRA and FACTA. As such, consumers who made a purchase from Defendant do not receive the full benefits of Section 1681c(g) and are uniformly burdened with an

elevated risk of identity theft.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

3. Venue in this district is proper because Defendant does business here and Plaintiffs reside here.

## PARTIES

4. Plaintiff Aaron Ebert (hereinafter "Plaintiff Ebert") is a natural person who resides in the City of Shoreview, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Plaintiff Brian Huppert (Hereinafter "Plaintiff Huppert") is a natural person who resides in the City of Vadnais Heights, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Plaintiff Chris Combs (Hereinafter "Plaintiff Combs") is a natural person who resides in the City of White Bear Lake, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Warners' Stellian Co., Inc. (hereinafter "Defendant") is a Minnesota corporation whose registered office is listed as 550 Atwater Circle, St. Paul, Minnesota 55103.

## STATUTORY HISTORY

8. In 2003, the Fair and Accurate Credit Transactions Act ("FACTA") was enacted by Congress and signed into law by President George W. Bush. One of FACTA's

primary purposes was to amend the FCRA through the addition of identity theft protections for consumers.

9. One FACTA provision was specifically designed to thwart identity thieves' ability to gain sensitive information regarding a consumer's credit or debit account from a receipt which the consumer discarded or lost. Codified at 15 U.S.C. § 1681c(g), this provision provides:

> Except as otherwise provided in this subsection, no person that accepts credit or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

("Receipt Provision").

10. FACTA was enacted on December 4, 2003. It became effective 3 years from that date for any cash register or other machine or device that electronically prints receipts for credit or debit card transactions ("Devices") that was in use before January 1, 2005 and 1 year for Devices put into use after January 1, 2005. 15 U.S.C. §1681c(g)(3).

11. In anticipation of the December 4, 2006, deadline, many credit card companies, including but not limited to VISA and MasterCard, advised companies of the need for compliance with the Receipt Provision. Additionally, many credit card companies, such as VISA and Mastercard, implemented policies well in advance of the effective date to ensure the compliance with the Receipt Provision, by themselves, as well as that of their customers. For example, on March 6, 2003, VISA's CEO, Carl Pascarella, held a press conference on Capitol Hill with

Senators Dianne Feinstein, Judd Gregg, Jon Corzine and Patrick Leahy and publicly announced VISA USA's new truncation policy to protect consumers from identity theft.

12. In May of 2007 the Federal Trade Commission ("FTC") issued an FTC Business Alert titled "Slip Showing Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts" ("Alert"). The Alert explicitly stated, "You may include no more than the last five digits of the card number, and you must delete the card's expiration date. For example, a receipt that truncates the credit card number and deletes the expiration date could look like this:

ACCT: ***********12345; EXP: ****"

The Alert even goes on to state, "Why is it important for businesses to comply with this law? In addition, the law allows consumers to sue businesses that don't comply and to collect damages and attorney fees."

13. The FCRA provides that any "person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to 1) statutory damages of not less than $100 and not more than $1,000; 2) punitive damages; and, 3) attorney fees and costs." 15 U.S.C. § 1681n(a).

14. In May 2008 Congress granted partial amnesty to violators printing expiration dates on receipts. It enacted legislation such that printing expirations dates on receipts does not amount to a willful violation of the law from Dec. 4, 2004, to the passing of the law on May 20, 2008.

15. Defendant Warners' Stellian Co., Inc. had knowledge of FACTA and truncated some of the information from the card holders' receipts but failed to redact the expiration date for all consumers who purchased product from all of Defendant's store locations.

16. Among the provisions of the FACTA that are designed to help prevent identity theft is a provision prohibiting businesses accepting credit cards from printing the last five digits of the card number or the expiration date on any receipt provided to the cardholder at the point of the sale or transaction. The idea behind this enactment was that receipts are often lost or thrown out, with the result that enterprising "dumpster divers" can easily retrieve receipts, find out a cardholder's credit card information, and run up charges or otherwise misuse this information to the cardholder's severe detriment. The statute is designed to provide just enough data on the receipt for the use of the cardholder and business, without giving away critical identifying portions of information. *51 A.L.R. Fed. 2d 273.*

**DEFENDANT WARNERS' STELLIAN STORE LOCATIONS**

17. Upon information and belief, Defendant has the following 7 store locations:

1) *ROCHESTER*: 1318 Apache Dr SW, Rochester MN 55902;
2) *EDINA*: 3533 W 70th St, Edina MN 55435;
3) *SAINT PAUL*: 1711 N Snelling Ave, Falcon Heights MN 55113;
4) *APPLE VALLEY*: 7665 W 148th St, Apple Valley MN 55124;
5) *MAPLE GROVE*: 12772 Bass Lake Rd, Maple Grove MN 55369;
6) *WOODBURY*: 1750 Weir Dr, Woodbury MN 55125; and,
7) *MINNEAPOLIS OUTLET CENTER*: 5462 Nicollet Ave, Minneapolis MN 55419.

18. Upon information and belief, Defendant Warners' Stellian stores all run the same hardware and software that is responsible for printing noncompliant receipts in violation of FACTA.

19. Plaintiffs have purchased items from three of Defendant's locations out of the seven and have all received receipts in violation of FACTA as stated below.

**THE EXPERIENCE OF THE REPRESENTATIVE PLAINTIFF EBERT**

20. On July 31, 2011, Plaintiff Ebert made a purchase at Warners' Stellian Co., Inc. located at 1711 North Snelling Avenue, Falcon Heights, Minnesota 55113 and used his credit card to pay for the purchase. The receipt provided to Plaintiff Ebert included his unredacted credit card expiration date, first and last name, last 4 digits of his credit card, date and time of transaction.

21. At all relevant times, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

22. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was willful within the meaning of the FCRA.

**THE EXPERIENCE OF THE REPRESENTATIVE PLAINTIFF HUPPERTS**

23. On August 4, 2011, Plaintiff Hupperts made a purchase at Warners' Stellian Co., Inc. located at 12772 Bass Lake Road, Maple Grove, Minnesota 55369 and used his credit card to pay for the purchase. The receipt provided to Plaintiff Hupperts included his unredacted credit card expiration date, first and last name, last 4 digits of his credit card, date and time of transaction.

24. At all relevant times, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

25. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was willful within the meaning of the FCRA.

**THE EXPERIENCE OF THE REPRESENTATIVE PLAINTIFF COMBS**

26. On August 9, 2011, Plaintiff Combs made a purchase at Warners' Stellian Co., Inc. located at 1750 Weir Drive, Woodbury, MN 55125 and used his credit card to pay for the purchase. The receipt provided to Plaintiff Combs included his unredacted credit card expiration date, first and last name, last 4 digits of his credit card, date and time of transaction.

27. At all relevant times, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

28. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was willful within the meaning of the FCRA.

**CLASS ACTION ALLEGATIONS**

29. Plaintiffs bring this action individually and as a class action for Defendant's violation of section 1681c(g) of the FCRA, pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All persons in Minnesota to whom made purchases at any of the seven (7) Warners' Stellian store locations, on or after August 10, 2009 (the "Class Period"), Defendant provided an electronically

printed receipt that included the person's credit card or debit card expiration date.

30. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiffs aver upon information and belief that the Class numbers in the hundreds, if not thousands.

31. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The questions include, but are not limited to:

a) Whether the Defendant willfully violated Section 1681c(g) of the FCRA by failing to provide consumers, who used their credit and debit cards in point of sale transaction(s) with Defendant, with electronically printed receipts that complied with the Receipt Provision; and

b) The appropriate measure of damages sustained by Plaintiffs and other members of the Class.

32. Plaintiffs' claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

33. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs are committed to vigorously litigating this matter. Further, Plaintiffs have secured counsel experienced in handling consumer class actions. None of the Plaintiffs nor their counsel have any interests that might cause them not to vigorously pursue this claim.

34. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of

inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

35. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunction relief or corresponding declaratory relief with respect to the Class as a whole.

36. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages are limited to $1,000.00 under the FCRA. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

**COUNT ONE – FCRA/FACTA**

**15 U.S.C. §1681c(g)**

37. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

38. During the Class Period, Plaintiffs and members of the Class were provided receipts by Defendant that failed to comply with the Receipt Provision.

39. Defendant knew about both the Receipt Provision as well as the need to comply with said provision.

40. On information and belief, VISA, Mastercard, PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discover, American Express and JCB), companies that sell cash register and other machines or devices that process credit and debit card payments, and/or other entities informed Defendant about FACTA, including its specific requirements concerning the truncation of credit card numbers and expiration dates on receipts provided to consumers.

41. Upon information and belief, Defendant was expected by VISA, MasterCard, and other credit card companies to comply with the Receipt Provision.

42. Notwithstanding the significant amount of time allowed by Congress to prepare for the effective date of FACTA and its accompanying provisions, including but not limited to the Receipt Provision; knowledge of the Receipt Provision and FACTA as a whole; the expectations of VISA, MasterCard and other credit card companies; and, the general compliance by the majority of Defendant's peers and competitors, Defendant willfully violated the FCRA.

43. Defendant's violations of the FCRA exposed Plaintiffs and members of the Class to an elevated risk of identity theft. *51 A.L.R. Fed. 2d 273*.

44. As a result of Defendant's willful violations of the FCRA and FACTA, Defendant is liable to Plaintiffs and members of the Class for statutory, and punitive damages pursuant to 15 U.S.C. § 1681n.

## JURY DEMAND

45. Plaintiffs are entitled to and hereby demands a trial by jury on all issues so triable. *U.S. Const. Amend. 7. Fed.R.Civ.P. Rule 38.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek judgment in favor of themselves and the Class for the following relief:

a) An order certifying the proposed Minnesota Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and their counsel to represent the Class;

b) Statutory damages for willful violation of the FCRA in an amount between $100.00 and $1,000.00 per Class member;

c) Punitive damages in an amount to be determined at trial;

d) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n of the FCRA; and,

e) Such other and further relief as may be necessary, just and proper.

Dated this 11th day of August, 2011.

Respectfully submitted,

By: ____________________

Thomas J. Lyons, Esq.
Attorney I.D. # 65699
**LYONS LAW FIRM, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 770-5830
tlyons@lyonslawfirm.com

Trista M. Roy, Esq.
Attorney I.D. #0387737
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tristacjc@aim.com

**ATTORNEYS FOR PLAINTIFFS**