# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| AARON EBERT, BRIAN HUPPERTS and CHRIS COMBS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WARNERS' STELLIAN CO., INC.,<br><br>Defendant. | Civil No. 11-2325 (JRT/SER)<br><br><br><br>**ORDER FOR FINAL JUDGMENT** |

Thomas J Lyons , Jr , **Consumer Justice Center P.A.**, 367 Commerce Court, Vadnais Heights, MN 55127, for plaintiffs

William A LeMire, **Arthur, Chapman, Kettering, Smetak & Pikala, PA,** 81 South Ninth Street, Suite 500, Minneapolis, Mpls, MN 55402-3214, for defendant.

Plaintiffs Aaron Ebert, Brian Hupperts and Chris Combs and Defendant Warners' Stellian Co., Inc. ("Warners' Stellian") in the above-captioned class action (the "Action") entered into a Stipulation of Settlement dated as of September 14, 2012 (the "Settlement").

On September 19, 2012, the Court entered an Order Preliminarily Approving Class Action Settlement ("Preliminary Approval Order"), which : 1) preliminarily approved the Settlement; 2) for purposes of the Settlement, certified plaintiffs class to form the Warners' Stellian Settlement Class; 3) approved the form and method of notice of the Settlement to members of the Warners' Stellian Settlement Class; 4) directed that

appropriate notice of the Settlement be given to the Warners' Stellian Settlement Class; and 5) set a hearing date for final approval.

In its Preliminary Approval Order, the Court defined the Warners' Stellian Settlement Class as follows:

> All persons who, during the time period from August 12, 2009, through August 18, 2011, inclusive, used a personal credit or debit card at Warners' Stellian retail store location and received a copy of Warners' Stellian's receipt that contained the credit or debit card's unredacted expiration date. Excluded from the Warners' Settlement Class are current agents and employees of Warners' Stellian.

Notice of Settlement was provided by direct mail to the Warners' Stellian Settlement Class.

___62___ Class Members have chosen to be excluded from the Warners' Stellian Settlement Class by filing timely Statements of Exclusion.

___4___ Class Members have objected to the settlement.

On December 20, 2012, at 10:30 AM, at the Federal District Court located at 300 South Fourth Street, Minneapolis, MN 55415, the Court held a hearing on whether the Settlement was fair, reasonable, adequate, and in the best interest of the Warners' Stellian Settlement Class ("Settlement Hearing"). At the Settlement Hearing, Plaintiffs and the Class were represented by Lyons Law Firm, P.A. and Consumer Justice Center, P.A., ("Class Counsel"). Warners' Stellian was represented by Arthur, Chapman, Kettering, Smetak & Pikala, P.A.

The Court having heard arguments of counsel for the parties and of such persons as chose to appear at the Settlement Hearing, having reviewed all materials submitted,

having considered all of the files, records, and proceedings in the Action, and being otherwise fully advised,

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A. This Court has personal jurisdiction over Plaintiffs, Warners' Stellian, and the Class Members, and subject matter jurisdiction over the Action and the Settlement.

B. The provisions of the Preliminary Approval Order, that conditionally certified the Warners' Stellian Settlement Class, should be, and hereby are, confirmed in all respects as a final class certification order under Federal Rule of Civil Procedure Section 23(e) for the purposes of implementing the terms provided for in the Settlement.

C. The Preliminary Approval Order required Warners' Stellian to file a declaration of compliance with the notice provisions of that Order. Pursuant to the Preliminary Approval Order, Warners' Stellian has filed the required declaration.

D. The form, content, and method of dissemination of the notice given to the Warners' Stellian Settlement Class was adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, complied with the requirements of Rule 23 of the Federal Rules, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein.

E. The Settlement set forth in the Stipulation of Settlement is fair, reasonable, adequate, and in the best interests of the Warners' Stellian Settlement Class.

F. Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Class Members in connection with the Settlement.

G.     All objections to the Settlement are found to be without merit and are overruled.

H.     Plaintiffs and all Class Members (except those who timely filed Statements of Exclusion), all and each of them, are hereby bound by the terms of the Settlement set forth in the Stipulation of Settlement.

I.     The provisions of the Stipulation of Settlement, including definitions of the terms used therein, are hereby incorporated by references as though fully stated herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1.     The Settlement set forth in the Stipulation of Settlement is fair, reasonable, adequate, and in the best interests of the Warners' Stellian Settlement Class, and it shall be consummated in accordance with the terms and provisions of the Stipulation of Settlement.  Upon the Settlement becoming effective, as defined in the Stipulation, Warners' Stellian will provide the relief to the Class Members in the manner and at the times provided for in the Stipulation.

2.     Judgment shall be, and hereby is, entered dismissing all claims that were or could have been asserted in this action by Plaintiffs and the Class Members except those claims related to attorneys' fees and costs as described and agreed to in the Stipulation of Settlement with prejudice, on the merits, and without taxation of costs in favor of or against any party.

3.     Plaintiffs and all Class Members are hereby conclusively deemed to have forever released, relieved, discharged, covenanted not to sue or proceed in any way

against, and consent to be enjoined from suing (i) Warners' Stellian; (ii) all entities that are direct or indirect parents or subsidiaries of Warners' Stellian; (iii) all entities that are directly or indirectly under common control with Warners' Stellian; (iv) all partnerships, insurers, indemnitors, attorneys, heirs, predecessors, successors, and assigns of Warners' Stellian; and (v) all past and present employees, agents, officers, shareholders, partners, representatives and directors of Warners' Stellian ("Released Parties"), from and for any and all actions, causes of action (in law or equity), suits, claims, contentions, damages, losses, injuries, obligations, liabilities, demands, debts, judgments, costs, and expenses (including attorney fees), known and unknown, liquidated or unliquidated, absolute or contingent, accrued or not accrued, which they have, will have, had, ever had, claim to have, claim to have ever had, against any of the Released Parties based in whole or in part on, arising out of, or related in any way to the violation or alleged violation of the Fair and Accurate Credit Transactions Act (15 U.S.C. § 1681c(g)), including: (i) the facts, transactions, occurrences, events, acts, omissions, or failures to act that were alleged in the Action; and (ii) credit and debit card receipts provided by Warners' Stellian.  All of the above are referred to collectively as the "Settled Claims." Specifically excluded from "Settled Claims" and this release are the Plaintiffs' claim of attorneys' fees and cost as approved to in the Stipulation of Settlement.

4. Solely with respect to Settled Claims, Plaintiffs and all Class Members are hereby adjudged to have expressly waived or relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of any statute or law which might otherwise render a release unenforceable with respect to the Settled Claims.

5.      Plaintiffs and all Class Members in the Warners' Stellian Settlement Class are hereby barred and permanently enjoined from instituting, asserting or prosecuting, either directly, representatively, derivatively or in any other capacity, any and all claims which they or any of them had or may have against the Released Parties, or any of them, arising out of, based upon, or otherwise related to the Settled Claims described above.

6.      The Court hereby decrees that neither the Stipulation of Settlement nor this final judgment nor the fact of the Settlement is an admission or concession by the Released Parties, or any of them, of any of them, of any liability or wrongdoing.  This final judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action.

7.      The parties to the Stipulation of Settlement, and their agents, employees, and attorneys, shall not be liable for anything done or omitted in connection with these proceedings, the entry of this final judgment, or the administration of the vouchers to Class Members, except for their own willful misconduct.

8.      Class Counsel shall file and serve their Fee Petition within one month after the voucher period as defined on the Settlement Voucher has ended.  The Court shall award Class Counsel such reasonable attorneys' fees and costs as the Court approves. Warners' Stellian also agrees that, within five business days after the Effective Date of the Court's Order on Class Counsel's Fee Petition, Warners' Stellian will pay any Class Counsel Award, as the Court may award.  The Plaintiffs, as class representatives, are awarded the amount of $6,500 each for reimbursement of their time, risk, and contributions made toward securing the benefits for the Class Members.  Such amounts

as awarded shall be paid by Warners' Stellian within five business days of the date that the final judgment becomes effective, as defined in the Stipulation of Settlement. Warners' Stellian agrees to pay the Cy Pres Award not later than one month after the voucher period as defined on the Settlement Voucher has ended.

9.  The Court hereby retains and reserves jurisdiction over all matters relating to the administration, implementation, effectuation, and enforcement of the Stipulation of Settlement and this Order for Final Judgment.

10. In the event that this judgment does not become "Final" in accordance with paragraphs 3 or 4 of the Stipulation of Settlement, then the judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation of Settlement, and this Order for Final Judgment shall be vacated. In such event, all orders entered in connection with the Settlement shall be null and void. In such event, the Action shall return to its status prior to July 26, 2012.


DATED: December 20, 2012                    ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                   United States District Judge