UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| AARON EBERT, BRIAN HUPPERTS and CHRIS COMBS, *individually and on behalf of all others similarly situated*, | Civil No. 11-2325 (JRT/SER) |
| Plaintiffs, | |
| v. | **ORDER ON ATTORNEYS' FEES AND COSTS** |
| WARNERS' STELLIAN CO., INC., | |
| Defendant. | |

Thomas J. Lyons, Jr., **CONSUMER JUSTICE CENTER, P.A.**, 367 Commerce Court, Vadnais Heights, MN 55127, and Thomas J. Lyons, **LYONS LAW FIRM, P.A.**, 367 Commerce Court, Vadnais Heights, MN 55127, for plaintiffs.

William A LeMire, Beth A. Jenson Prouty, and Curtis D. Ruwe, **ARTHUR, CHAPMAN, KETTERING, SMETAK & PIKALA, PA**, 81 South Ninth Street, Suite 500, Minneapolis, MN 55402-3214, for defendant.

On September 14, 2012, Plaintiffs Aaron Ebert, Brian Hupperts and Chris Combs ("Plaintiffs") and Defendant Warners' Stellian Co., Inc. ("Warners' Stellian") in the above-captioned class action entered into a stipulation of settlement. On December 20, 2012, the Court granted Plaintiffs' unopposed motion for final approval of the class action settlement. The parties then filed a stipulation agreeing that Warners' Stellian

would not oppose an award to class counsel[1] of attorneys' fees, costs, expenses, and disbursements of no more than $123,500. Plaintiffs have now filed an unopposed motion for an award for attorneys' fees and costs in that amount.[2] For the reasons explained below, the Court will grant Plaintiffs' motion.

Plaintiffs' complaint was based on Warners' Stellian's alleged violations of the section 1681c(g) of the Fair Credit Reporting Act ("FCRA"). *See* 15 U.S.C. § 1681c(g). Under the FCRA, it is possible for a plaintiff to recover costs of the action and reasonable attorneys' fees. *Id.* § 1681n(a)(3).

In determining a reasonable award of attorneys' fees, the Court begins with the "lodestar" amount, obtained by calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (interpreting 42 U.S.C. § 1988); *Fair Isaac Corp. v. Experian Info. Solutions Inc.*, 711 F. Supp. 2d 991, 1008-09 (D. Minn. 2010). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). The Court must also consider "the [party]'s overall success; the necessity and usefulness of the

---

[1] Class counsel are Thomas J. Lyons, Jr. and Thomas J. Lyons.

[2] According to Plaintiffs, class counsel's attorneys' fees as of February 28, 2013, were $136,767.41 and costs totaled $3,996.81. (Decl. of Thomas J. Lyons ¶¶ 11, 14, Ex. 4, Mar. 1, 2013, Docket No. 52.) Thus, as of February 28, 2013, there were a total of $140,764.22 in fees and costs. (*Id.* ¶ 15.) However, Plaintiffs agreed to request only the stipulated sum of $123,500 and so have requested only that amount. (*Id.*)

[party]'s activity in the particular matter for which fees are requested; and the efficiency with which the [party]'s attorneys conducted that activity." *Jenkins ex rel. Jenkins v. Missouri*, 127 F.3d 709, 718 (8th Cir. 1997).[3] The Court must exclude claimed hours that are not "reasonably expended," such as hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. "The most critical factor in assessing fees is the degree of success obtained." *Jenkins ex rel. Jenkins*, 127 F.3d at 716; *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 852 (8th Cir. 2002).

First, the Court must decide if the level of success achieved warrants the requested attorneys' fee award. The Court finds that the class wide settlement negotiated and obtained by class counsel is fair, reasonable, adequate, and in the best interests of the class. In sum, the Court finds that Plaintiffs are the prevailing party and that no reduction in attorneys' fees is warranted for lack of success. *See Fish*, 295 F.3d at 852.

Second, the Court must determine if the rates charged and the time expended by class counsel is reasonable. In light of the Court's familiarity with the relevant market, the Court finds that the hourly rates sought are reasonable in this case. *See Schaub v. Cnty. of Olmsted*, Civ. No. 06-2725, 2011 WL 3664565 at *2 (D. Minn. Aug. 19, 2011) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). Furthermore, the Court has

---

[3] *See also Lewis v. Heartland Inns of Am., L.L.C.*, 764 F. Supp. 2d 1037, 1043-44 (S.D. Iowa 2011) (quoting *Zoll v. E. Allamakee Cmty. Sch. Dist.*, 588 F.2d 246, 252 n.11 (8th Cir. 1978)) (explaining that courts should consider the following factors in calculating a reasonable fee: "'(1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the experience, reputation, and ability of the attorneys; (9) the undesirability of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases'").

reviewed the time records for individual tasks and determines that the time spent on and amounts charged for these tasks are reasonable. Class counsel opposed summary judgment, engaged in discovery, analyzed documents, conducted research and investigative work, and participated in negotiations, among other tasks. The amounts charged for these tasks are reasonable and therefore the Court will award all of the attorneys' fees requested.[4]

The Court has also reviewed the costs requested by Plaintiffs and finds the vast majority of them to be reasonable. *See Jansen v. Experian Info. Solutions, Inc.*, No. 05-CV-385, 2011 WL 846876, at *17 (D. Or. Mar. 9, 2011) (holding that costs are taxable under the FCRA fee-shifting provisions even if 28 U.S.C. § 1920 does not specifically provide for taxation of such costs). The Court will not award expenses for Westlaw research, however, because such expenses are generally not allowed. *See Richemont Int'l, S.A. v. Clarkson*, Civ. No. 07-1641, 2008 WL 4186254, at *3 (D. Minn. Sept. 5, 2008) ("The Eighth Circuit has squarely held that [computer-based legal research] expenses may not be added to an attorney's fee award.") (citing *Standley v. Chilhowee R-IV Sch. Dist.*, 5 F.3d 319, 325 (8th Cir. 1993). Plaintiffs have submitted only two time records requesting reimbursement for Westlaw services, totaling $15.46. Deducting this small amount from the overall costs will not affect the amount awarded because Plaintiffs have already stipulated that class counsel may request no more than the reduced sum of

---

[4] Furthermore, the Court notes that Plaintiffs have requested fees for fewer hours than were in fact expended in pursuit of this action. To the extent, then, that some minor reduction in attorneys' fees might be warranted, Plaintiffs have already agreed to such a reduction.

$123,500. The Court finds that the other costs requested are reasonable and will therefore award class counsel a total of $123,500 for costs and attorneys' fees.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Unopposed Motion for Attorneys' Fees & Costs [Docket No. 49] is **GRANTED**.

2. Plaintiffs' request for attorneys' fees and costs is **GRANTED** in the amount of $123,500.

3. Within five (5) days, Defendant shall remit to Thomas J. Lyons, Jr. and Thomas J. Lyons a total amount of $123,500 for reasonable attorneys' fees and costs.

DATED: June 3, 2013          _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.          JOHN R. TUNHEIM
         United States District Judge